UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

September 27, 2011

MEMO TO COUNSEL RE:  Telecommunications Systems, Inc. v. Alfred Levine
Civil No. JFM-11-1460

Dear Counsel:

Defendant has filed a motion to dismiss for lack of subject matter jurisdiction or, in the alternative, to transfer venue.  The motion will be treated as one to transfer venue and, as such, will be granted.

I recognize that as a logical matter I should first determine whether I have subject matter jurisdiction before deciding the venue issues.  However, the subject matter jurisdiction issues are somewhat close, and it is absolutely clear to me that this case should proceed in the Eastern District of Texas where related patent litigation is pending.  Therefore, I leave it to the Eastern District of Texas to determine whether subject matter jurisdiction exists.

As for the transfer question, in this case it clearly is "in the interest of justice," as set forth in 28 U.S.C. §1404(a), that this case proceed in the Eastern District of Texas where the related patent litigation, that raises exactly the same issues as those presented in this case, is pending.  In all likelihood the litigation in the Eastern District of Texas will be concluded before this case could be concluded because it has a substantial head start on this case.  In any event, assuming that this case could catch up with the Texas litigation in light of the fact that the judge presiding over the case in the Eastern District of Texas is leaving the bench, it makes no sense (from the perspective of judicial economy) for two different courts to consider and decide precisely the same issues.  Moreover, although plaintiff may wish to proceed with the litigation here, it is clear to me that it is not "for the convenience of the parties and witnesses" for parallel litigation to proceed in two different courts.  That would increase the cost to the parties and inconvenience to the witnesses.  Finally, I am content from the record as it exists on the pending motions that although TCS is headquartered in Annapolis, Maryland and Mr. Levine is a citizen of Maryland, TCS would not be denied access to justice by having the case transferred to the Eastern District of Texas, particularly in light of the fact that Mr. Levine has represented in his motions paper, that he will make himself available for testimony in Texas.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Very truly yours,
/s/

J. Frederick Motz
United States District Judge